**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NOZIBELE PATRICIA AYODELE, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVALON HOMECARE LLC, LUCELLE ISAACS, and KENYA SMITH,<br><br>Defendants. | Case No.: 23-cv-9368<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nozibele Patricia Ayodele ("Plaintiff" or "Ayodele"), by and through her undersigned counsel, Faruqi & Faruqi, LLP, and on behalf of herself and others similarly situated, hereby alleges as follows against Defendants Avalon Homecare LLC ("Avalon"), Lucelle Isaacs, and Kenya Smith (together, "Defendants"):

## NATURE OF THE CLAIMS

1.      Defendants own and operate Avalon, a homecare agency providing services in and around Connecticut and New York City.

2.      Defendants employ Plaintiff and other similarly situated individuals (together, referred to as "Caregivers") to perform personal care, assistance, health-related tasks, and other home care services to Defendants' clients.

3.      Defendants engage in a common, willful, and deliberate policy and practice of failing to pay Caregivers for all hours worked, failing to pay them on their regularly scheduled pay days, failing to pay them their proper "spread of hours" compensation, denying them their minimum wages and proper overtime compensation, and failing to furnish them with notices of pay rate and accurate wage statements as required by law.

1

4.     Additionally, Defendants engage in a common, willful, and deliberate policy and practice of requiring Caregivers to work 24-hour shifts but failing to provide them with  five hours of continuous and uninterrupted sleep, required sleeping accommodations, or uninterrupted meal periods.

5.     Finally, Defendants engage in a common, willful, and deliberate policy and practice of failing to provide Caregivers with a 24-hour rest period every calendar week without compensating them, at the overtime rate, for all hours worked during this period, as required by law.

6.     To redress these wrongs, Plaintiff brings claims against Defendants under the Fair Labor Standards Act ("FLSA") as a collective action, pursuant to 29 U.S.C. § 216(b) and applicable regulations thereunder, on behalf of herself and all other similarly situated Caregivers employed by Defendants in any State at any time during the full statute of limitations period.

7.     Plaintiff also brings claims under the New York Labor Law ("NYLL") as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself and all other similarly situated Caregivers employed by Defendants in New York at any time during the full statute of limitations period.

## JURISDICTION AND VENUE

8.     Pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

9.     This Court also has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10.    The Court also has supplemental jurisdiction over Plaintiff's related claims arising

under State and local law pursuant to 28 U.S.C. § 1367.

11.    Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to this action occurred in this District.

12.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### A.    Plaintiff Nozibele Patricia Ayodele

13.    Plaintiff Ayodele has been employed by Defendants from in or around December 2022 to present.

14.    At all relevant times, Plaintiff Ayodele has been an "employee" of Defendants within the meaning of all applicable statutes and regulations.

### B.    Defendant Avalon Homecare LLC

15.    Avalon is a Connecticut limited liability company with its principal place of business located at 60 Newtown Rd, #39, Danbury, Connecticut 06810.

16.    At all relevant times, Avalon controlled and directed the terms of employment and compensation of Plaintiff and all others similarly situated.

17.    At all relevant times, Avalon established, implemented, and controlled the employment policies applicable to Plaintiff and all others similarly situated, including, inter alia, scheduling, payroll, and other employment practices applicable to Plaintiff and all others similarly situated.

18.    At all relevant times, Avalon maintained and exercised its power to hire, fire, promote, and discipline Plaintiff and all others similarly situated.

19.    At all relevant times, Avalon was an "employer" within the meaning of all

3

applicable statutes and regulations.

20.     Upon information and belief, Avalon has an annual gross volume of sales in excess of $500,000.

21.     Upon information and belief, Avalon has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

### C.  Defendant Lucelle Isaacs

22.     Defendant Lucelle Isaacs is an owner of Avalon and exercises sufficient control of Avalon's day to day operations to be considered an employer of Plaintiff and others similarly situated under the FLSA and New York law.

23.     Defendant Lucelle Isaacs has the power to hire, fire, and discipline Plaintiff and others similarly situated.  For example, Defendant Lucelle Isaacs hired Plaintiff.

24.     Defendant Lucelle Isaacs has the power to determine the rate and method of payment of Plaintiff and others similarly situated.

25.     Defendant Lucelle Isaacs has the power to set schedules of Plaintiff and others similarly situated.  For example, Defendant Lucelle Isaacs set the hours and schedule of Plaintiff.

### D.  Defendant Kenya Smith

26.     Defendant Kenya Smith is an owner of Avalon and exercises sufficient control of Avalon's day to day operations to be considered an employer of Plaintiff and others similarly situated under the FLSA and New York law.

27.     Defendant Kenya Smith has the power to hire and discipline Plaintiff and others similarly situated.

28.     Defendant Kenya Smith has the power to determine the rate and method of payment of Plaintiff and others similarly situated.

29.    Defendant Kenya Smith has the power to set schedules of Plaintiff and others similarly situated.

## FACTS

A.    **Background**

30.    Defendants own and operate a homecare agency providing services in and around New York City and Connecticut.

31.    Defendants employ Caregivers to provide homecare services to clients on 24-hour shifts.

32.    Defendants have a common policy and practice of failing to provide these Caregivers with five hours of continuous and uninterrupted sleep as well as uninterrupted meal periods as required by law.

33.    Defendants also fail to provide Caregivers with appropriate sleeping facilities required under federal or State law.

34.    As a result, Defendants are not entitled to any sleep or meal credit on these 24-hour shifts and have, therefore, failed to pay Caregivers for all hours worked on such shifts.

35.    Defendants also have a common policy of requiring Caregivers to work significantly longer than ten (10) hours per day without paying them the appropriate "spread of hours" compensation.

36.    Defendants also have a common pattern and practice of failing to pay Caregivers on a timely basis, instead making partial payments to Caregivers weeks after their regularly scheduled pay days – and sometimes not paying them at all.

37.    Throughout the statutory period, Defendants have never provided Caregivers with notices of pay rate or accurate wage statements as required under NYLL §§ 195(1) and (3).

38.     Additionally, Defendants have a common policy of denying Caregivers who are "domestic workers," under NYLL § 2(16), their requisite twenty-four (24) consecutive hour rest period during each calendar week.

39.     Moreover, Defendants have a common policy of failing to pay Caregivers overtime compensation, at a rate not less than one and one-half times their regular rate of pay, for all hours worked by Caregivers during such requisite rest periods.

**B.     Plaintiff Nozibele Patricia Ayodele**

38.     Ayodele has been employed by Defendants as a Caregiver from around December 2022 to present.

39.     Ayodele worked as a Caregiver for Defendants' patient in Manhattan.

40.     Like all other Caregivers, Ayodele's job duties included, *inter alia,* the following: bathing the patient, cooking and cutting food for the patient, feeding the patient, grooming the patient, putting clothes on the patient, taking the patient for walks (the patient used a walker or wheelchair outside), doing physical therapy in the apartment with the patient, bringing the patient to the toilet, escorting the patient to the doctor, making appointments and transportation arrangements for the patient, lifting and transferring the patient from the bed to her walker, mopping, cleaning the bathroom, doing laundry, and taking out garbage.

41.     Ayodele spent more than 20% of her total hours worked per workweek providing "care" within the meaning of 29 C.F.R. § 552.6(b), or assisting the patient with activities of daily living, such as dressing, grooming, feeding, bathing, toileting, transferring, and instrumental activities of daily living, such as driving, and arranging medical care.

42.     Defendants regularly scheduled Ayodele to work seven 24-hour shifts per week.

43.     Ayodele was subjected to Defendants' common policy of refusing to provide

Caregivers with five hours of continuous and uninterrupted sleep, as well as three uninterrupted hours for meals, during these 24-hour shifts.

44.    Indeed, Ayodele did not receive three, one-hour, regularly scheduled work-free uninterrupted meal breaks during her 24-hour shifts.

45.    Likewise, Ayodele's sleep was routinely interrupted to take the patient to the bathroom or attend to other care needs of the patient, such that she did not receive five hours of continuous or uninterrupted sleep per night during her 24-hour shifts.

46.    Additionally, Ayodele was never provided with appropriate sleeping accommodations or facilities as required under federal or State law.

47.    Defendants did not discuss or make any agreement with Ayodele about sleep or meal periods.  In fact, Defendants never raised such issues at all.

48.    During Ayodele's entire 24-hour shift, she is required to be ready and available to work and provide assistance to the patient as needed.

49.    During Ayodele's entire 24-hour shift, she is not free to leave her patient's home.

50.    As such, Ayodele and all other Caregivers are entitled to compensation for all 24 hours that they worked during these 24-hour shifts.

51.    Like all other Caregivers, Ayodele routinely worked shifts considerably longer than 10 hours per day.  However, Defendants never paid Caregivers any spread of hours compensation as required by law.

52.    Additionally, Ayodele routinely worked seven consecutive 24-hour shifts without being provided with a 24-hour rest period every calendar week.  However, Ayodele, like other such Caregivers, was never paid overtime compensation for working during this rest period as required by law.

53.     Defendants set Ayodele's compensation at $180 for all hours worked between 6 a.m. and 10 p.m., as well as $100 for all hours worked between 10 p.m. and 6 a.m., for a total of $280 for each 24-hour shift, and a total of $1,960 per week.

54.     As such, Defendants paid Ayodele an hourly rate of $11.67 per hour – considerably less than the State minimum wage.

55.     Defendants paid Ayodele by sending money to her through Zelle, a cell phone application used for transferring money, and by depositing checks in her bank account.

56.     Initially, Defendants established weekly pay periods, spanning Sunday to Saturday, and set all regularly scheduled pay days to be every Friday.

57.     In or around February 2023, Defendants began paying on a bi-weekly basis, with regularly scheduled pay days being every other Friday.

58.     However, starting in April 2023, Ayodele fell victim to Defendants' common pattern and practice of failing to pay Caregivers all their wages owed and failing to pay them on their regularly scheduled pay days, and sometimes not paying them at all.

59.     Indeed, starting in April 2023, Defendants routinely paid Ayodele weeks after her regularly scheduled pay day, typically paying her only a portion of her wages and sometimes failing to pay her any compensation at all for her work.

60.     For example, in the pay period from August 13, 2023 to August 26, 2023, Ayodele worked fourteen 24-hour shifts, amounting to 336 hours during that two-week pay period. However, Ayodele was only provided a partial payment of $1,960 for her work during that pay period, amounting to only $5.83 per hour.

61.     During that pay period, Defendants paid Ayodele less than the already depressed wages that Defendants agreed to pay Ayodele in accordance with the terms of their agreement.

Additionally, Defendants paid Ayodele considerably below the State and federal minimum wage rates, never paid her any spread of hours compensation, and never paid her any overtime compensation at all – either for the 128 hours she worked over 40 in each of the two work weeks in the pay period, or the 24 hours she worked on the seventh consecutive day each workweek in the pay period in lieu of her rest period.

62.    As another example, from August 27, 2023 to September 2, 2023, Ayodele again worked seven 24-hour shifts amounting to 168 hours during that workweek.  Ayodele was never paid any compensation at all for the hours she worked that week.

63.    Ayodele was likewise never paid any compensation at all for the 168 hours she worked during the work weeks ending on April 29th, May 6th, and September 9th.

64.    As a result of Defendants' failure to timely pay her wages, Ayodele has suffered concrete harm.

65.    Specifically, each pay period, Ayodele was, inter alia: (i) deprived of money to which she had a right, thereby costing her the time value of their money; (ii) deprived of opportunity to invest her money; and/or (iii) otherwise unable to use her wages to pay bills and satisfy other financial obligations.

66.    For example, Ayodele maintained her own residence – an apartment – but could not afford to pay rent and eventually lost the apartment around May 2023 due to Defendants' failure to pay her wages when they are due.

67.    Throughout the statutory period, Defendants have never provided Ayodele or any other Caregivers with required notices under NYLL § 195(1), stating, among other things, employees' rates of pay.

68.    Further, throughout the statutory period, Defendants have not furnished Ayodele or

any other Caregivers with accurate wage statements under NYLL § 195(3), stating, among other things, rates of pay, gross and net wages.

69.    In fact, Defendants engaged in a consistent pattern and practice of failing to furnish Ayodele and Caregivers with any wage statements at all.

70.    As a result of Defendants' failure to provide Caregivers with notices of pay rate and accurate wage statements, Ayodele has suffered concrete harm.

71.    Specifically, Ayodele has been prevented from, *inter alia*: (i) realizing her true hours worked; (ii) realizing that she was underpaid; and (iii) taking appropriate action to obtain the payments due to her.

72.    Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Members and the Class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

73.    Plaintiff brings this action, in part, as a collective action under the FLSA and applicable regulations thereunder

74.    Plaintiff brings claims, pursuant to FLSA § 216(b), on behalf of herself and all other Caregivers employed by Defendants during the full statute of limitations period (the "FLSA Collective").

75.    At all relevant times, Plaintiff and the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and scheme, and were subject to Defendants' practices of: (i) failing to compensate Plaintiff and the FLSA Collective at the federal minimum wage; (ii) failing to compensate Plaintiff and the FLSA Collective at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; and (iii) failing to pay Plaintiff and the FLSA Collective all

wages owed in a timely manner.

76.    At all relevant times, Defendants have been fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the provisions of the FLSA.

77.    Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective.

78.    As a result of their unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid wages and late wages, with interest, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

79.    While the exact number of the FLSA Collective is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are at least 50 other similarly situated Caregivers who were employed by Defendants during the full statute of limitations period.

80.    Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective.

81.    Accordingly, the Court should require Defendants to provide Plaintiff with a list of all members of the proposed FLSA Collective, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective with notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

82.     Plaintiff brings this action, in part, as a class action under the NYLL as well as all applicable regulations thereunder.

### A.     Class Definition

83.     Plaintiff seeks to maintain claims, pursuant to FRCP 23, on behalf of herself and a class of Caregivers employed by Defendants in the State of New York at any time during the full statute of limitations period (the "Class").

84.     Plaintiff alleges, on behalf of herself and the Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to pay Plaintiff and the Class all wages owed; (ii) failing to pay Plaintiff and the Class at the applicable State minimum wage for all hours worked; (iii) failing to compensate Plaintiff and the Class at one and one-half times their regular rate of pay (or the applicable State minimum wage rate) for all hours worked in excess of 40 hours in a workweek; (iv) failing to compensate Plaintiff and the Class "spread of hours" pay for shifts in excess of 10 hours in a day; (v) failing to compensate Plaintiff and the Class at the overtime rate for all hours worked during the 24-hour rest period that Defendants are required to provide once every calendar week; (vi) failing to provide Plaintiff and the Class with Notices of Pay Rate as required under NYLL § 195(1); and (vii) failing to furnish accurate wage statements to Plaintiff and the Class under NYLL § 195(3).

85.     Plaintiff and the Class have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

86.     The wage practices described herein are part of Defendants' normal course of conduct.

87.     Pursuant to FRCP 23, Plaintiff's NYLL claims may be pursued by all similarly

situated persons who do not opt out of the Class.

**B.**    <u>**Numerosity and Impracticability of Joinder**</u>

88.    Upon information and belief, the members of the Class are so numerous that joinder is impracticable.

89.    While the exact number of the members of the Class is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over 50 members of the Class.

90.    Therefore, the numerosity requirement of FRCP 23(a) is satisfied.

**C.**    <u>**Common Questions of Law and Fact**</u>

91.    Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and predominate over any questions only affecting the members of the Class individually.

92.    Indeed, there are few, if any, purely individual issues in this action.

93.    The questions of law and fact that are common to Plaintiff and the Class include, without limitation:

(a)    Whether Defendants failed to pay Plaintiff and the Class the State minimum wage rate;

(b)    Whether Defendants failed to pay Plaintiff and the Class all wages owed to them;

(c)    Whether Defendants failed to pay Plaintiff and the Class all overtime wages owed to them;

(d)    Whether Defendants failed to pay Plaintiff and the Class spread of hours compensation;

(e)    Whether Defendants failed to pay Plaintiff and the Class their wages on a timely

basis;

(f)        Whether Defendants failed to provide Plaintiff and the Class with Notices of Pay Rate;

(g)        Whether Defendants failed to furnish accurate wage statements to Plaintiff and the Class; and

(h)        Whether Plaintiff and the Class are entitled to liquidated damages and injunctive relief.

94.        Therefore, the common question requirement of FRCP 23(a) is satisfied.

**D.        Typicality of Claims and Relief Sought**

95.        Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent.

96.        Plaintiff and the Class work or have worked for Defendants and are or were subject to the same compensation policies and practices.

97.        The wage violations suffered by Plaintiff and the damages resulting therefrom, are typical of Defendants' treatment of their employees, generally, and of the Class, specifically.

98.        Therefore, the typicality requirement of FRCP 23(a) is satisfied.

**E.        Adequacy of Representation**

99.        Plaintiff will fairly and adequately protect the interests of the Class because Plaintiff's interests are coextensive and aligned with those of the members of the Class.

100.        Plaintiff has no interests adverse to the Class she seeks to represent.

101.        Plaintiff is willing and able to represent the Class fairly and vigorously, in part because Plaintiff does not assert any individual claims separate and apart from the Class she seeks to represent.

102.    Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

103.    The combined interests, experience, and resources of Plaintiff and her counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of FRCP 23(a).

**F.    Requirements of Rule 23(b)(1)**

104.    Without certification of the Class, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

105.    Accordingly, certification of the Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, and Defendants.

106.    By filing this Complaint, Plaintiff preserves the rights of the members of the Class with respect to the statute of limitations on their claims.

107.    Therefore, failing to certify the Class would substantially impair and/or impede the ability of the members of the Class to protect their interests.

**G.    Requirements of Rule 23(b)(2)**

108.    Defendants acted on grounds, as described herein, generally applicable to Plaintiff, and the Class, by denying Plaintiff and the Class minimum wages, denying Plaintiff and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to provide notices of pay rate and furnish accurate wage statements.

109.    These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff and the Class as a whole.

110.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, notices of pay rate and accurate wage statements.

111.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's and the Class's entitlement to monetary and non-monetary remedies for such wage violations.

112.    Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H.    Requirements of Rule 23(b)(3)**

113.    The common issues of fact and law affecting Plaintiff's claims and those of the Class—including, without limitation, the common issues identified in the paragraphs above—predominate over issues affecting only individual claims.

114.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and those of the Class.

115.    The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class to pursue their claims individually.

116.    This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class (they must have worked for Defendants as employees during the statutory period), as well as the common questions of law and fact described herein.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: FAILURE TO PAY MINIMUM WAGE**
*(On Behalf of Plaintiff and the FLSA Collective)*

117.    Plaintiff, on behalf of herself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

118.    During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

119.    The FLSA requires covered employers, including Defendants, to compensate Caregivers at a rate not less than the federal minimum wage for all hours worked under 40 hours in a workweek.

120.    Plaintiff and the FLSA Collective were not exempt from the requirement that their employer pay them minimum wages under the FLSA, and they are entitled to be paid minimum wages by Defendants for all hours worked under 40 hours in a workweek during the full statute of limitations period.

121.    Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the FLSA Collective at a rate not less than the federal minimum wage for all hours worked under 40 hours in a workweek.

122.    As a result of Defendants' failure to compensate Plaintiff and the FLSA Collective at a rate not less than the federal minimum wage for all hours worked under 40 hours in a workweek, Defendants have violated the FLSA.

123.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective in accordance with the FLSA and/or applicable regulations thereunder.

124.    Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, an additional

equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME**
*(On Behalf of Plaintiff and the FLSA Collective)*

125.    Plaintiff, on behalf of herself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

126.    During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

127.    The FLSA requires covered employers, including Defendants, to compensate Caregivers at a rate not less than one and one-half times their regular rate of pay and at a rate not less than one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek.

128.    Plaintiff and the FLSA Collective were not exempt from the requirement that their employer pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

129.    Throughout the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for time spent performing work in excess of 40 hours in a workweek.

130.    As a result of Defendants' failure to compensate Plaintiff and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

131.    Defendants have acted willfully and deliberately in maintaining an intentional

practice of failing to compensate Plaintiff and the FLSA Collective in accordance with the FLSA and/or applicable regulations thereunder.

132.    Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FLSA: LATE PAYMENT OF WAGES
*(On Behalf of Plaintiff and the FLSA Collective)*

133.    Plaintiff, on behalf of herself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

134.    During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and all applicable regulations thereunder.

135.    The FLSA requires covered employers, including Defendants, to pay Caregivers all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

136.    Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants timely pay them their wages.

137.    Defendants have engaged in a policy and practice of failing to pay Plaintiffs and the FLSA Collective all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

138.    As a result of Defendants' failure to pay Plaintiff and the FLSA Collective all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends, Defendants have violated the FLSA and/or applicable regulations thereunder.

139.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective in accordance with the FLSA.

140.    Further, due to Defendants' failure to timely pay wages, Plaintiff and the FLSA Collective have suffered concrete harm.

141.    Specifically, each pay period, Plaintiff and the FLSA Collective were, *inter alia*: (i) deprived of money to which they had a right, thereby costing them the time value of their money; (ii) deprived of opportunity to invest their money; and/or (iii) otherwise unable to use their wages to pay bills and satisfy other financial obligations.

142.    Defendants' violations of the FLSA have significantly harmed Plaintiff and the FLSA Collective and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE NYLL: FAILURE TO PAY MINIMUM WAGE
#### (*On Behalf of Plaintiff and the Class*)

143.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

144.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

145.    The NYLL requires covered employers, including Defendants, to compensate Caregivers at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

146.    Plaintiff and the Class were not exempt from the requirement that Defendants pay them minimum wages under the NYLL, and they are entitled to be paid minimum wages by

Defendants for all hours worked under 40 hours in a workweek during the full statute of limitations period.

147.    Throughout the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the Class at a rate not less than the applicable State minimum wage for all hours worked.

148.    As a result of Defendants' failure to compensate Plaintiff and the Class at a rate not less than the applicable State minimum wage for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

149.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

150.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME**
**(*On Behalf of Plaintiff and the Class*)**

151.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

152.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

153.    The NYLL requires covered employers, including Defendants, to compensate Caregivers at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek and at a rate not less than one and one-half times the

applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

154.    Plaintiff and the Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

155.    Throughout the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for time in excess of 40 hours in a workweek.

156.    As a result of Defendants' failure to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

157.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

158.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
### VIOLATIONS OF THE NYLL: SPREAD OF HOURS PAY
#### (*On Behalf of Plaintiff and the Class*)

159.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

160.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder, including, without limitation, 12 N.Y.C.R.R. § 142-2.4, *et seq.*

161.    The NYLL and/or applicable regulations thereunder require employers, including Defendants, to furnish each of their employees one additional hour of pay at the basic minimum wage rate on each day during which the length of the interval between the beginning and end of the employee's workday, or "spread of hours," exceeds 10 hours.

162.    Plaintiff and the Class were not exempt from the requirement that Defendants provide them with spread of hours pay.

163.    Throughout the statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide spread of hours pay to Plaintiff and the Class.

164.    As a result of Defendants' failure to furnish spread of hours pay to Plaintiff and the Class, Defendants have violated, *inter alia*, the NYLL and/or applicable regulations thereunder.

165.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: FAILURE TO PAY ALL WAGES OWED
### (*On Behalf of Plaintiff and the Class*)

166.    Plaintiff, on behalf of herself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

167.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

168.    The NYLL requires covered employers, including Defendants, to compensate Caregivers at their established regular rates of pay for all hours worked in a workweek.

169.    Plaintiff and the Class were not exempt from the requirement and are entitled to be

paid by Defendants at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

170.    Throughout the statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all hours worked.

171.    As a result of Defendants' failure to compensate Plaintiff and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

172.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

173.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
### VIOLATIONS OF THE NYLL: LATE PAYMENT OF WAGES
*(On Behalf of Plaintiff and the Class)*

174.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

175.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and all applicable regulations thereunder.

176.    The NYLL requires covered employers, including Defendants, to pay Plaintiff and the Class all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

177.    Plaintiff and the Class were not exempt from the requirement that Defendants

timely pay them their wages.

178.    Throughout the statute of limitations period, Defendants have engaged in a policy and practice of failing to pay Plaintiff and the Class all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

179.    As a result of Defendants' failure to pay Plaintiff and the Class all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends, Defendants have violated the NYLL and/or applicable regulations thereunder.

180.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

181.    Further, due to Defendants' failure to timely pay wages, Plaintiff and the Class have suffered concrete harm.

182.    Specifically, each pay period, Plaintiff and the Class were *inter alia*: (i) deprived of money to which they had a right, thereby costing them the time value of their money; (ii) deprived of opportunity to invest their money; and/or (iii) otherwise unable to use their wages to pay bills and satisfy other financial obligations.

183.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**NINTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE**
**(*On Behalf of Plaintiff and the Class*)**

184.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

185.    During the full statutory period, Plaintiff and the Class were protected by the

provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

186.    The NYLL requires covered employers, including Defendants, to provide Caregivers "at the time of hiring, a notice containing the following information:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a notice of pay rate under NYLL § 195(1).

187.    Plaintiff and the Class were not exempt from the requirement that Defendants provide them with notices of pay rate under NYLL § 195(1).

188.    Throughout the statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide notices of pay rate to Plaintiff and the Class under NYLL § 195(1).

189.    As a result of Defendants' failure to provide notices of pay rate to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195(1).

190.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the Class in accordance with the NYLL.

191.    Further, due to Defendants' failure to provide Notices of Pay Rate, Plaintiff and the Class have suffered concrete harm.

192.    Specifically, Plaintiff and the Class have been prevented from, *inter alia*: (i)

realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) taking appropriate action to obtain the payments due to them.

193.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $50 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: INACCURATE WAGE STATEMENTS**
***(On Behalf of Plaintiff and the Class)***

194.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

195.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

196.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages;  name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages."

197.    Plaintiff and the Class were not exempt from the requirement that Defendants provide them with accurate wage statements under NYLL § 195(3).

198.    Throughout the statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the Class under NYLL § 195(3).

199.    As a result of Defendants' failure to furnish accurate wage statements to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195(3).

200.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiff and the Class in accordance with the NYLL.

201.    Further, due to Defendants' failure to furnish accurate wage statements, Plaintiff and the Class have suffered concrete harm.

202.    Specifically, Plaintiff and the Class have been prevented from, *inter alia*: (i) realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) taking appropriate action to obtain the payments due to them.

203.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**ELEVENTH CAUSE OF ACTION**
**VIOLATIONS OF DOMESTIC WORKERS' BILL OF RIGHTS – FAILURE TO**
**PROVIDE ONE DAY OF REST EVERY SEVEN DAYS AND PAY OVERTIME ON**
**SEVENTH DAY**
**(*On Behalf of Plaintiff and the Class*)**

204.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

205.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 2, *et seq.*, 160-170, 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

206.    Pursuant to the Domestic Workers' Bill of Rights, NYLL §§ 2(16) and 161(1), Plaintiff and the Class are entitled to at least twenty-four (24) consecutive hours of rest in each and

every calendar week, or overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked on such period of rest.

207.    Throughout the statute of limitations period, Defendants engaged in a policy and practice of unlawfully requiring Plaintiff and the Class to work during this period of rest without paying them overtime compensation.

208.    As a result of Defendants' failure to provide Plaintiff and the Class with a 24-hour period of rest or overtime compensation for hours worked during this rest period, Defendants have violated the NYLL and/or applicable regulations thereunder.

209.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

210.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective, and the Class, respectfully requests that the Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and State laws;

B.    Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective,

including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons with notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.    Designate Plaintiff as the representative of the FLSA Collective and her counsel of record as class counsel;

E.    Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

F.    Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendants to provide Plaintiff with a list of all members of the Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G.    Designate Plaintiff as the representative of the Class, and her counsel of record as class counsel;

H.    Determine the damages sustained by Plaintiff and the Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff and the Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

I.    Award Plaintiff, the FLSA Collective, and the Class an additional equal amount as liquidated damages;

J.    Award Plaintiff, the FLSA Collective, and the Class their reasonable attorneys' fees

and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

K.      Grant Plaintiff, the FLSA Collective, and the Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, the FLSA Collective, and the Class, hereby demands a trial by jury on all issues of fact and damages.

Dated: October 24, 2023          **FARUQI & FARUQI, LLP**
       New York, New York

By: _/s/ Innessa M. Huot_
    Innessa M. Huot

685 Third Avenue, 26th Floor
New York, New York 10017
Tel: 212-983-9330
Fax: 212-983-9331
ihuot@faruqilaw.com

*Attorneys for Plaintiff, the Proposed
FLSA Collective, and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NOZIBELE PATRICIA AYODELE, on behalf of herself and others similarly situated,<br><br>                    Plaintiffs,<br><br>              v.<br><br>AVALON HOMECARE LLC, LUCELLE ISAACS, and KENYA SMITH,<br><br>                    Defendants. | Case No.: |

## **CONSENT TO SUE**

    I, <u>Nozibele Patricia Ayodele</u>, have been employed by Defendants as Caregiver within the last three years.  I hereby consent to sue Defendants as a named Plaintiff in the above-captioned action, *Ayodele v. Avalon Homecare LLC, et al.*, pending in the United States Court for the Southern District of New York.

    I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number 212-983-9330, as my attorneys.

Name (Print): <u>    Nozibele Patricia Ayodele    </u>

DocuSigned by:

5D0BCED5AF6C4E9...

Signature: _____    Date Signed: _____

10/24/2023 | 1:40 PM PDT